IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KEITH WILSON,

                Petitioner,     :     Case No. 3:14-cv-176

   - vs -                                 District Judge Walter Herbert Rice
                                          Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,
                                          :

                Respondent.

## DECISION AND ORDER

This is a habeas corpus case brought *pro se* by Petitioner Keith Wilson asserting claims arising from his convictions in the Montgomery County Common Pleas Court for murder, felonious assault with a firearm specification, and involuntary manslaughter (Petition, Doc. No. 1, ¶ 5,PageID 1.) The case has been referred to the undersigned pursuant to the Dayton location of court General Order of Assignment and Reference.

The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner evinces concern about whether his pending motions to withdraw pleas in the Common Pleas Court will toll the statute of limitations for filing habeas corpus, noting the decision in *Eberle v. Warden, Mansfield Corr. Inst.,* 532 Fed. Appx. 605 (6th Cir. 2013)(Petition,

Doc. No. 1, PageID 15). To obviate that concern, he filed the instant Petition when he did, May 27, 2014,[1] which is plainly timely.

However, this Court cannot decide the Petition at this time because Wilson has not yet exhausted available state court remedies for his claims. In *State v. Wilson*, 2014-Ohio-1764, 2014 Ohio App. LEXIS 1728 (2nd Dist. Apr. 25, 2014), the court of appeals for Montgomery County decided that it lacked jurisdiction over Wilson's appeal of the denial of his motion to withdraw his no contest plea on the murder and felonious assault counts for lack of a final appealable order in the trial court. *Id.* at ¶ 31. As to the motion to withdraw the guilty plea on involuntary manslaughter, the trial court was reversed and the case remanded. *Id.* Therefore there is not yet a final appealable order of the Montgomery County Common Pleas Court on Wilson's claims. Once such an order exists, Wilson will be able to exhaust his remedies of appealing again to the Second District Court of Appeals and, if unsuccessful, appealing to the Ohio Supreme Court.[2]

The United States Supreme Court has decided that district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. It cautioned, however,

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. §

---

[1] That is the date the Petition was signed and presumptively the date it was delivered to prison authorities for mailing. It is therefore treated as the date of filing under the prison mailbox rule of . *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

[2] If Wilson is unsuccessful in the Ohio Supreme Court, he will have a potential remedy of seeking certiorari from the United States Supreme Court, but he is not required to attempt that remedy in order to exhaust.

> 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).

Rather than dismissing this case without prejudice and running the risk that Wilson will later miss a statutory filing deadline, it is the better part of discretion to stay this case pending exhaustion.

Accordingly, it is hereby ORDERED that this case be STAYED pending the outcome of Petitioner's pending state court proceedings. Wilson shall keep this Court currently informed of the status of those proceedings. In order best to reflect the status of this matter on our docket, the Clerk is ordered to ADMINISTRATIVELY PROCESS this case.

June 6, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge