# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KEITH A. WILSON,

        Petitioner,    :    Case No. 3:14-cv-176

  - vs -                           District Judge Walter Herbert Rice
                                    Magistrate Judge Michael R. Merz

WARDEN,
 Lebanon Correctional Institution,

                                        :
        Respondent.

## ORDER DISSOLVING STAY' ORDER TO RESPONDENT TO ANSWER

       Petitioner Keith Wilson filed this case May 27, 2014 (Petition, ECF No. 1).  Upon initial review of the case under Rule 4 of the Rules Governing § 2254 Cases, the Court noted that Wilson had not yet exhausted available state court remedies and ordered the case stayed pending exhaustion (Order, ECF No. 3).  On June 19, 2015, Petitioner notified the Court that the Second District Court of Appeals had entered judgment on his appeal and that he intended to pursue the case in the Ohio Supreme Court.  The docket of that court shows it declined to exercise jurisdiction over an appeal on September 16, 2015.  *State v. Wilson*, 143 Ohio St. 3d 1468 (2015).  Accordingly, the state court proceedings in deference to which these proceedings were stayed are now completed and the stay herein is DISSOLVED.  The Clerk shall restore this case to the active electronic docket by removing the stay, AO Processed, and Closed tags.

       Upon preliminary consideration pursuant to Rule 4 of the Rules Governing §2254 Cases,

1

the Court finds that it does not plainly appear from the face of the Petition and any exhibits attached thereto that the Petitioner is not entitled to relief in this Court. Accordingly, it is hereby ORDERED that Respondent shall, not later than December 15, 2015, file an answer conforming to the requirements of Rule 5 of the Rules Governing §2254 Cases.  Specifically, said answer shall respond to each allegation made in the Petition, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

Before filing the answer, the Respondent shall file those portions of the state court record needed to adjudicate this case.  When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page.  All papers filed in the case thereafter by either party shall include record references to the PageID number.  Prior to filing the state court record, the Warden's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed.  The record shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF system which display each exhibit and the name of that exhibit in the record.

As required by Fed. R. Civ. P. 5, a complete copy of the answer and state court record with the PageID numbers and "bookmarks" must be served on Petitioner at the time of filing.

Petitioner may, not later than twenty-one days after the answer is filed, file and serve a reply to the answer.

The Clerk is ordered to serve the Petition on Respondent and the Attorney General of Ohio, c/o Assistant Attorney General M. Scott Criss, Section Coordinator, 150 E. Gay Street,

16th Floor, Columbus, Ohio 43215.

October 19, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge